**UNITED STATES DISTRICT COURT**
**For the WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD WAGNER,                                    Case No.: 20-cv-675
      Plaintiff,

v.                                                 Hon.: HALA Y. JARBOU

2D, INC.,
      Defendant.

_____

### ANSWER and AFFIRMATIVE DEFENSES
_____

NOW COMES the Defendant 2D, INC who, through counsel and in answer the complaint, states as follows:

### Answer

1.      Defendant admits that this is a civil rights action brought pursuant to the statutes identified, but denies the validity of the claims asserted.

2.      Defendant admits that, on or about May 22 through May 24, 2020 Plaintiff stayed at the Comfort Suites hotel. The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

3.      Defendant does not contest this court's jurisdiction to hear the claims at bar.

4.      Defendant does not object to this court as the proper venue for the claims at bar.

5.     Defendant lacks knowledge of the factual allegations contained in this paragraph and leaves Plaintiff to his proofs. Defendant owes no response to the legal assertions contained therein.

6.     Defendant 2D, INC admits that it is the owner and operator of the Comfort Suites hotel located at 1755 Phoenix St in South Haven, MI 49090.  The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

7.     Defendant 2D, INC admits that it is the owner and operator of the Comfort Suites hotel located at 1755 Phoenix St in South Haven, MI 49090.  The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

8.     Defendant 2D, INC admits that it is the owner and operator of the Comfort Suites hotel located at 1755 Phoenix St in South Haven, MI 49090.  The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

9.     Defendant 2D, INC admits that it is the owner and operator of the Comfort Suites hotel located at 1755 Phoenix St in South Haven, MI 49090.  The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

10.     Defendant 2D, INC admits that it is the owner and operator of the Comfort Suites hotel located at 1755 Phoenix St in South Haven, MI 49090.  The remainder of this paragraph states legal conclusions to which no response is required. Except as stated, this allegation is denied in all other material respects.

11.     Defendant lacks information as to the truth of this allegation and, therefore, leaves Plaintiff to his proofs.

12.     Admitted that the Comfort Suites hotel as handicap accessible and that Defendant has held it out as such in its operations. Except as stated, this allegation is denied in all other material respects.

13.     Admitted that Wagner stayed at the Comfort Suite hotel on or about the dates indicated. Defendant does not owe a response to the legal assertion that he was an "invitee." Except as stated, this allegation is denied in all other material respects.

14.     Defendant lacks information as to the truth of this allegation and, therefore, leaves Plaintiff to his proofs.

15.     Defendant lacks information as to the factual truth of this allegation and, therefore, leaves Plaintiff to his proofs. Sub-paragraphs 15(a) through 15(eee) contain a series of legal assertions to which no response is required. This allegation is denied in all other material respects.

16.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

17.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

18.     Defendant lacks knowledge as to the factual averments made in this paragraph as to Plaintiff's subjective emotional responses to his experience. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

19.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

20.     Defendant lacks knowledge as to the factual averments made in this paragraph as to Plaintiff's damages resulting from his experience. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

21.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

22.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

23.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

24.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

25.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

26.     Defendant lacks knowledge as to the factual averments made in this paragraph as to Plaintiff's anticipated return to the Comfort Inn Suites.

27.     [This paragraph was omitted from the Complaint and, therefore, no answer is due.]

28.     [This paragraph was omitted from the Complaint and, therefore, no answer is due.]

29.     Defendant lacks knowledge as to the factual averments made in this paragraph as to Plaintiff's anticipated return to the Comfort Inn Suites or his frequent travel to Van Buren County, Michigan and leaves Plaintiff to his proofs.

30.     Defendant lacks knowledge as to the undefined term "ADA tester" and, therefore, cannot respond to Plaintiff's averment that he is one. He also lacks knowledge as to his future travel plans and, therefore, leaves Plaintiff to his proofs.

4

31.     Defendant incorporates by reference his responses to the the previous numbered paragraphs.

32.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

33.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

34.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

35.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

36.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

37.     This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

38.     This paragraph states a legal conclusion, to which no response is required. In way of further response, Defendants deny that removal of some or all of the "barriers" identified was "readily achievable" as that term is defined in applicable law. This allegation is denied in all other material respects.

39.     This paragraph states a legal conclusion, to which no response is required. In way of further response, Defendants deny that removal of some or all of the "barriers" identified was "readily achievable" as that term is defined in applicable law. This allegation is denied in all other material respects.

40.    Defendants admit that the building was constructed in 2004. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

41.    This paragraph states a legal conclusion, to which no response is required. In way of further response, Defendants deny that the technical violations that Plaintiff claims he has encountered were sufficient to prevent him from the full and fair enjoyment of the facilities during his stay in May of this year or in any way, shape, or form prevent him from doing so in the future. This allegation is denied in all other material respects.

42.    This paragraph states a legal conclusion, to which no response is required. In way of further response, Defendants deny that the technical violations that Plaintiff claims he has encountered were sufficient to prevent him from the full and fair enjoyment of the facilities during his stay in May of this year or in any way, shape, or form prevent him from doing so in the future. This allegation is denied in all other material respects.

43.    This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

44.    This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

45.    Defendant restates its answers to the allegations contained in the previous numbered paragraphs.

46.    This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

47.    This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

6

48.     Defendant lacks knowledge as to Plaintiff's alleged damages and leaves Plaintiff to his proofs. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

49.     Defendant lacks knowledge as to Plaintiff's alleged damages and leaves Plaintiff to his proofs. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

50.     Defendant lacks knowledge as to Plaintiff's alleged damages and leaves Plaintiff to his proofs. This paragraph states a legal conclusion, to which no response is required. This allegation is denied in all other material respects.

## Affirmative Defenses

1.  Plaintiff has failed to state a claim upon which relief may be granted.

2.  Plaintiff is not entitled to all or part of the relief sought.

3.  Plaintiff is not entitled to punitive damages because such are not awardable under Title III of the ADA nor are they available under Michigan law.

4.  Plaintiff's claim for punitive damages is frivolous.

5.  Defendant should be awarded his costs and fees of defending Plaintiff's frivolous punitive damages claim.

6.  Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens where other methods are effective to achieve compliance under Title III of the ADA, Michigan law, and/or applicable state and local public accommodation laws.

7. Any changes Plaintiff demands are inapplicable to the extent they are practically difficult, pose an unnecessary hardship and/or extreme difficulty such that said changes are not required and/or subject to exception.

8. Plaintiff's claims are barred because he lacks standing to pursue same.

9. At all times relevant to this claim, Defendant acted in good faith to ensure full compliance with Title III of the ADA, Michigan law, and all other applicable state and local building codes, requirements, and public accommodation laws, to the extent readily achievable and/or required by law.

10. Plaintiff's claims are barred because any and all actions taken by Defendant were based on legitimate, lawful business factors having nothing to do with Plaintiff's alleged disability.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, after acquired evidence and/or estoppel.

12. Plaintiff has not suffered any actual denial of services or access to the facility in question. He, therefore, is not entitled to any compensatory damages.

13. Plaintiff has acted unreasonably so as to multiply his attorney's fees and costs in this matter in an attempt to pile on damages. He, therefore, is not entitled to the attorney's fees he claims.

14. Defendant reserves the right to assert additional defenses as they become known through the course of discovery or otherwise.

WHEREFORE, having answered the allegations in Plaintiff's Complaint, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and the Defendant be awarded its costs and attorney's fees incurred in defending against this action in its

entirety or, at very least, with respect to defending against the frivolous punitive damages claim, and for such other relief as this Court deems just and appropriate.

Respectfully Submitted,

Dated: 12/1/2020                        ___/s/ Collin H. Nyeholt_____
                                        Collin H. Nyeholt
                                        LAW OFFICES OF CASEY D. CONKLIN
                                        Attorney for the Defendant
                                        4084 Okemos Road, Suite B
                                        Okemos, MI 48864
                                        (517) 522-2550


**Proof of Service**

I, the undersigned, do hereby affirm that on today's date the attached document was served upon the Court and all counsel of record via the court's ECF system.

Dated: 12/1/2020                        ___/s/ Collin H. Nyeholt_____
                                        Collin H. Nyeholt